# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2020

Lyle W. Cayce
Clerk

No. 19-40430

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Diaz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-460-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Manuel Diaz pleaded guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  In his written plea agreement, Diaz reserved the right to appeal the district court's denial of his motion to suppress evidence.  He asserts that the district court erred in finding that his warrantless arrest was supported by probable cause.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40430

When reviewing the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its conclusions of law—including its determination that probable cause to arrest existed—de novo. *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). We may uphold the district court's ruling on any basis established by the record. *United States v. Mata*, 517 F.3d 279, 284 (5th Cir. 2008).

Considering the totality of the evidence in the light most favorable to the Government—including the "ordinary citizen[s'] eyewitness" descriptions of the photographs contained in Diaz's cellular telephone as child pornography involving young girls—we conclude that the facts known to police at the moment they arrested Diaz sufficed to give rise to a fair probability that he had engaged in criminal activity. *United States v. Burbridge*, 252 F.3d 775, 777-78 (5th Cir. 2001); *Wadley*, 59 F.3d at 512; *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).

Because the police had probable cause to arrest Diaz, his subsequent incriminating statements, which he made after he was Mirandized, as well as the photographs and video recordings recovered from his cellular telephone as a result of those statements, were admissible. Accordingly, the district court did not err in denying Diaz's motion to suppress evidence. *See Wadley*, 59 F.3d at 512.

The judgment is AFFIRMED.